IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02120-SBP

JUAN VALLEJO,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on Defendant Colorado Department of Corrections' ("CDOC") Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. ECF No. 29 ("Motion" or "Motion for Summary Judgment"). In the Motion, the CDOC moves for summary judgment on grounds that Plaintiff Juan Vallejo, an inmate in the custody of the CDOC, failed to exhaust his administrative remedies with respect to the claims raised in his complaint (ECF No. 1). Mr. Vallejo did not respond to the Motion.

    The undersigned Magistrate Judge fully presides over this case pursuant to 28 U.S.C. § 636(c)(1), the parties' consent, ECF No. 19, and the Order of Reference dated May 8, 2024, ECF No. 27. Having now considered the briefing, the applicable law, and the entire record in this matter, the court finds that an evidentiary hearing is unnecessary to resolve the Motion. For the reasons set forth below, the court respectfully **GRANTS** CDOC's Motion for Summary Judgment.

## BACKGROUND

Mr. Vallejo is currently incarcerated at CDOC's Bent County Correctional Facility in Las Animas, Colorado.[1] Mr. Vallejo filed this lawsuit on August 18, 2023, in which he brings two claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* In Claim One, Mr. Vallejo asserts that he was subjected to disparate treatment by the CDOC in violation of Title II of the ADA, 42 U.S.C. § 12132, which applies to inmates in state prisons. *See* ECF No. 1 ¶¶ 1-28; *see also Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998). In Claim Two, Mr. Vallejo contends that the CDOC failed to provide him a reasonable accommodation, allegedly in violation of Title I of the ADA, 42 U.S.C. § 12112. ECF No. 1 ¶¶ 29-36.

CDOC filed the instant Motion for Summary Judgment on October 30, 2024, seeking judgment in its favor on both of Mr. Vallejo's claims. ECF No. 29. CDOC argues that it is entitled to summary judgment on Mr. Vallejo's claims because he failed to exhaust his administrative remedies before bringing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *See generally* ECF No. 29.

## UNDISPUTED MATERIAL FACTS

As a preliminary matter, Mr. Vallejo did not file a response to the Motion for Summary

---

[1] Mr. Vallejo's address on the docket is listed as the Centennial Correctional Facility in Cañon City, Colorado. While he has not filed a change of address, the CDOC's Offender Search tool indicates that he has been transferred to the Bent County Correctional Facility. *See* https://www.doc.state.co.us/oss/. The court may take judicial notice of the contents of CDOC's website. *See, e.g., Doe v. Heil*, 533 F. App'x 831, 833 n.22 (10th Cir. 2013) (taking judicial notice of fact obtained from CDOC's website) (citing *N.M. ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.2 (10th Cir. 2009)); *Firth v. Raemisch*, No. 16-cv-00406-LTB-GPG, 2016 WL 8999474, at *2 n.1 (D. Colo. Aug. 22, 2016) ("The Court may take judicial notice of the contents of the CDOC's Offender Search website.") (citations omitted).

Judgment and therefore has not responded to CDOC's Statement of Undisputed Material Facts. *See* Motion at 2-6. The court therefore is allowed to accept as true all material facts asserted and properly supported in the Motion. Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]"); *Beard v. Banks*, 548 U.S. 521, 527 (2006) ("[B]y failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [the plaintiff] is deemed to have admitted the validity of the facts[.]").

The court therefore draws the following material facts from the record and finds them undisputed for purposes of the Motion:

1. Mr. Vallejo has been in the custody of the CDOC at all times relevant to his claims. *See generally* ECF No. 1.

2. Mr. Vallejo has limited mobility after contracting polio as an infant. ECF No. 29 ¶ 2.

3. In November 2021, Mr. Vallejo fell while he was housed in a county jail and seriously injured his left hand, which required major surgery. ECF No. 29 ¶ 3.

4. Mr. Vallejo entered CDOC custody sometime in December 2021. ECF No. 29 ¶ 4.

5. Once in CDOC custody, Mr. Vallejo was informed that he would be restricted to bottom-tier housing, a bottom bunk, and assigned a wheelchair. *Id.*

6. Mr. Vallejo was subsequently transferred to CDOC's Sterling Correctional Facility ("SCF"), where he was provided a wheelchair and a single cell on the bottom tier. ECF

No. 29 ¶ 5.

7.  However, shortly after Mr. Vallejo was transferred to SCF, two unidentified correctional officers confiscated his wheelchair and ordered him to move to an upper bunk bed in a cell located on the third tier of the housing unit. ECF No. 29 ¶¶ 6-7.

8.  After Mr. Vallejo could not climb the stairs to the new cell and could not climb into the upper bunk, he was taken to "solitary confinement" by four correctional officers who allegedly mocked his disability. ECF No. 29 ¶ 8.

9.  Mr. Vallejo claims not to have received appropriate housing for approximately three and a half weeks. ECF No. 29 ¶ 9.

10. At some point, Mr. Vallejo was transferred to CDOC's Centennial Correctional Facility ("CCF"), where he was provided a single cell on the bottom tier. ECF No. 29 ¶ 11.

11. At CCF, the recreation area was only accessible by stairs. ECF No. 29 ¶ 12.

12. Sometime in or about June 2023, Mr. Vallejo requested to use an elevator to access the recreation area, but an unidentified correctional officer refused him access to the elevator because of a "staff shortage." *Id.*

13. CDOC provides inmates access to an administrative-remedy procedure in the form of a multi-step grievance process, commencing with an informal opportunity to engage in a dialogue with prison officials, followed by a formal three-step grievance process set forth in Administrative Regulation 850-04. ECF No. 29 ¶¶ 14-19.

14. The formal steps of the grievance process must be initiated no later than thirty calendar days from the date the inmate knew, or should have known, of the facts giving rise to the grievance. ECF No. 29 ¶ 17.

4

15. If the inmate is not satisfied with the results at the various formal steps of the grievance process, he may file a grievance at the next level within specified times, with the Step 3 grievance being the final step in the grievance process. ECF No. 29 ¶¶ 16-19.

16. CDOC maintains a process for receiving, tracking, and responding to inmate grievances, recording each grievance by date and forwarding the grievances to a "grievance coordinator" for processing. ECF No. 29 ¶ 20.

17. The grievance coordinator logs and scans each grievance into the CDOC's electronic grievance database, assigning each grievance a tracking number for reference. ECF No. 29 ¶ 21.

18. The grievance process may be used to address a broad range of complaints, including complaints concerning CDOC employees' refusal to comply with requests for accommodations under the American's with Disabilities Act. ECF No. 29 ¶ 23.

19. Anthony DeCesaro, the Associate Director of Legal Services for CDOC who formerly held the title of "Step 3 Grievance Officer," reviewed CDOC's records to evaluate for exhaustion any grievances filed by Mr. Vallejo. ECF No. 29 ¶ 25.

20. Mr. Vallejo filed a grievance on August 15, 2023, regarding his allegation that, in December 2021, correctional officers at SCF seized his wheelchair and attempted to move him from a lower-tier, bottom bunk cell assignment, notwithstanding his ADA accommodation. ECF No. 39 ¶ 26.

21. In response to Mr. Vallejo's August 15, 2023 grievance, a CDOC official stated:

> I have reviewed your statements and have determined that Per AR 85-04, Step 1 grievance must be filed no later than 30 calendar days from the date the offender knew, or should have known, of the facts given [sic] rise to the grievance. The

5

> informal resolution attempt does not alter or extend the time limits stated in this regulation. You have exceeded your allowable timeline. If you would like to view this regulation you can kite the Library. Your grievance is denied.

ECF No. 30 at 41 (September 7, 2023 response to grievance number A-CF23/24-00237578-1).

22. Mr. Vallejo did not file a grievance at the next step of the administrative-remedy process after receiving the September 7, 2023 response, ECF No. 30 ¶ 19, and therefore did not complete the grievance procedure for that remedy.

23. The only other grievance Mr. Vallejo filed concerning his mobility issues was on August 8, 2023. In that grievance, Mr. Vallejo asserted that he was being denied accommodations related to his "polio & mobility impairment" and that he required a knee brace. ECF 29 ¶ 27; ECF No. 30 at 42 (grievance number C-CF23/24-00237263-1).

24. After receiving a response to his August 8, 2023 grievance, Mr. Vallejo did not file a grievance at the next step of the administrative-remedy process, ECF No. 30 ¶ 21, and therefore did not complete the grievance procedure for that remedy.

25. Mr. Vallejo did not file any other grievances related to the allegations he raises in the instant lawsuit. ECF No. 29 ¶¶ 27-28.

26. On August 18, 2023, Mr. Vallejo initiated this civil action. ECF No. 1.

## LEGAL STANDARDS

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th

6

Cir. 2005). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

When the moving party bears the burden of proof—as CDOC does on the affirmative defense of failure to exhaust administrative remedies—it "must establish, as a matter of law, all essential elements of the [affirmative defense on which summary judgment is sought] before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). Once the motion has been properly supported, "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). "To avoid summary judgment, a nonmovant must offer evidence, not bare allegations." *Estrada v. Smart*, 107 F.4th 1254, 1262 (10th Cir. 2024) (explaining that Federal Rule of Civil Procedure 56(c)(1)(A) "set[s] forth how a party introduces summary judgment evidence, including depositions and declarations, to support a factual assertion"); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (nonmovant may not rest solely on allegations, but must show, by means of affidavits or other competent evidence, that summary judgment is not proper by designating "specific facts showing that there is a genuine issue for trial") (quotation omitted). At all times, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party," *Garrett v. Hewlett-*

7

*Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002) (quotation omitted), but ultimately, the court may not enter summary judgment unless the movant carries its burden under Rule 56. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002); *see also* Fed. R. Civ. P. 56(a).

Failing to respond to a motion for summary judgment waives the opposing party's right to file a response and "confesse[s] all facts asserted and properly supported in the summary judgment motion." *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002); *see also, e.g.*, *Connell Solera, LLC v. Lubrizol Advanced Materials, Inc.*, 584 F. Supp. 3d 980, 990 (D. Colo. 2022) (finding that a nonmoving party's failure to respond to an argument in a motion for summary judgment constitutes a concession). Even so, the failure to respond is not itself a sufficient basis to grant summary judgment. *Palzer v. CoxCom, LLC*, 833 F. App'x 192, 199-200 (10th Cir. 2020) ("A district court may not grant summary judgment based on the nonmovant's failure to file a response, but a plaintiff who fails to file a timely response waives the right to respond and to controvert the facts asserted in the motion.") (citing *Reed*, 312 F.3d at 1194; *Murray*, 312 F.3d at 1199). Prior to entering judgment, the court must still ensure that the movant has met its burden to show that no material fact issues remain for trial such that it is entitled to judgment as a matter of law. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254-55 (10th Cir. 2017) ("Of course, in granting summary judgment based upon a failure to respond, a district court must still determine that summary judgment is appropriate.") (citing Fed. R. Civ. P. 56(e)(3) advisory committee's notes to 2010 amendment ("Once the court has determined the set of facts—both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply—it

must determine the legal consequences of these facts and the permissible inferences from them.")).

In applying the above principles, this court is mindful that Mr. Vallejo proceeds pro se and thus affords his papers and filings—here, his only substantive filing is his complaint—a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Mr. Vallejo as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *see also Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012) ("*Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel, or the requirements of the substantive law[.]").

## ANALYSIS

In the PLRA, Congress "impos[ed] a strict administrative-exhaustion requirement . . . [on] civil-rights claims filed by prisoners." *Pakdel v. City & Cnty. of San Francisco*, 594 U.S. 474, 481 (2021) (per curiam) (citing 42 U.S.C. § 1997e(a)). The PLRA unequivocally provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court has repeatedly emphasized, "that language is 'mandatory.'" *Ross v. Blake*, 578 U.S. 632, 638 (2016) ("An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.") (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)); *id.* at 641 ("Exhaustion is no longer left to the discretion of the

district court.") (quoting *Woodford*, 548 U.S. at 85); *see also Gray v. Sorrels*, 818 F. App'x 787, 791 (10th Cir. 2020) ("[T]he district court is not authorized to dispense with [the statutory exhaustion requirement]."). "There is no question that . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *id.* at 219-20 ("All agree that no unexhausted claim may be considered."). Thus, "[a]ny prisoner who seeks to bring a claim involving general circumstances or particular episodes of prison life must first exhaust the administrative remedies available to him in prison." *May v. Segovia*, 929 F.3d 1223, 1226-27 (10th Cir. 2019) (citations and quotation omitted). The exhaustion requirement applies to suits, like Mr. Vallejo's, brought under the Americans with Disabilities Act. *See, e.g.*, *Jones v. Smith*, 109 F. App'x 304, 307 (10th Cir. 2004) ("The plain language of § 1997e(a) requires prisoner actions under 'any' federal law to meet the exhaustion requirement, and we thus decline Plaintiff's invitation to exempt ADA suits."); *Boles v. Colorado Dep't of Corr.*, No. 19-cv-01158-RMR-STV, 2024 WL 4338020, at *8 (D. Colo. July 12, 2024), *report and recommendation adopted*, 2024 WL 4333645 (D. Colo. Sept. 27, 2024) (recognizing that the PLRA exhaustion requirement applies to claims brought under the Americans with Disabilities Act). This exhaustion-first mandate "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

Exhaustion "requires compliance with deadlines and other critical procedural rules, with no exceptions for special circumstances." *Ramirez v. Collier*, 595 U.S. 411, 421 (2022) (cleaned up); *see also, e.g.*, *Ross*, 578 U.S. at 639 ("[T]he PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'"); *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993) (stating "[w]e are not free to rewrite the statutory text" when

Congress has strictly barred "claimants from bringing suit in federal court until they have exhausted their administrative remedies") (discussing exhaustion requirements under the Federal Tort Claims Act). Exhaustion therefore must be completed "in accordance with the applicable procedural rules"—rules which "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Thus, "an inmate may only exhaust by *properly following all of the steps* laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing *Woodford*, 548 U.S. at 90) (emphasis added). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies," and the "doctrine of substantial compliance does not apply." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

      In the instant case, the court respectfully finds that CDOC has met its burden to show that no material fact issues remain concerning Mr. Vallejo's failure to comply with the exhaustion requirement, as to either of his claims, before initiating this lawsuit. CDOC has delineated the material undisputed material facts in the Motion, ECF No. 29 ¶¶ 1-28. The court has carefully reviewed not only those factual averments, but also the underlying supporting documents, including the declaration of Mr. DeCesaro, the relevant CDOC Administrative Regulation, and the pertinent excerpts from Mr. Vallejo's CDOC administrative-remedy file. Upon a careful scrutiny of the record, the courts finds that CDOC has fully supported these facts, and that there are no facts contravening those which CDOC represents are undisputed. Moreover, these undisputed material facts are admitted because of Mr. Vallejo's lack of response.

Having evaluated all of the evidence, while bearing in mind the obligation to liberally construe the record in Mr. Vallejo's favor to the maximum extent possible, the court finds that the undisputed facts compel the conclusion that Mr. Vallejo failed to properly complete all steps laid out in CDOC's grievance procedure before filing this lawsuit. CDOC therefore has shown that Mr. Vallejo has not exhausted his administrative remedies. The record further indisputably precludes any basis for finding that there was some inherent defect in the exhaustion process, or that Mr. Vallejo's failure to exhaust was the consequence of some action or inaction on the part of a CDOC official. *See, e.g.*, *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (explaining that district courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials"). This record, taken as a whole, could not lead a rational trier of fact to find for Mr. Vallejo. *See Matsushita*, 475 U.S. at 587. And because Mr. Vallejo has failed to demonstrate a genuine issue for trial on a material matter concerning his failure to exhaust, there is no need for the court to conduct an evidentiary hearing, and neither party has requested one. *See Estrada*, 107 F.4th at 1263 ("If the plaintiff establishes a disputed issue of material fact, an evidentiary hearing should usually be held. If the district court declines to conduct a hearing, it should explain why one is unnecessary. But if neither party requests an evidentiary hearing, a district court is not obligated to raise the topic sua sponte.").

In sum, Mr. Vallejo's undisputed failure to comply with the strict administrative-exhaustion requirement imposed in the PLRA compels this court to find that CDOC is entitled to judgment as a matter of law on all claims Mr. Vallejo has raised in this lawsuit.

## CONCLUSION

Consistent with the foregoing analysis, it is respectfully **ORDERED** as follows:

(1) Defendant Colorado Department of Corrections' ("CDOC") Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 29) is **granted** and this action is **dismissed without prejudice** in its entirety. *See, e.g., Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice.") (emphasis in original);

(2) The Clerk of Court is directed to **enter judgment** in favor of Defendant Colorado Department of Corrections and to close this case; and

(3) The Clerk of Court is directed to mail a copy of this order to Mr. Vallejo at his address of record and—as a courtesy to Mr. Vallejo, who has not complied with the Local Rule requiring him to apprise the court of a change of address, *see* D.C.COLO.LCivR 5.1(c)—to his address the court has found on the CDOC Inmate Locator:

    Juan Vallejo
    #113904
    Bent County Correctional Facility
    11560 Road FF75
    Las Animas, CO 81054

DATED: August 28, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge